IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUILLE ADRIAN CRAWLEY, | ) | |
| | ) | CIVIL ACTION NO. 3:23-cv-33 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| C/O JOHN DOE HOFFMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This matter is before Magistrate Judge Keith A. Pesto ("Judge Pesto") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On February 22, 2023, the Court received pro se Plaintiff Shaquille Crawley's ("Mr. Crawley") Complaint.[1] (ECF No. 4). In his Complaint, Mr. Crawley, an inmate at State Correctional Institution Somerset ("SCI Somerset"), alleged that Corrections Officer Zachary Hoffman ("Officer Hoffman")[2] violated his Fourth and Eighth Amendment rights by slamming his finger in a cell door. (*Id.* at 3–6).

On October 2, 2023, Officer Hoffman filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 14); Fed. R. Civ. P. 56(a). Officer Hoffman contended that Mr. Crawly had failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). (ECF No. 15 at 3). Particularly, Officer Hoffman argued that Mr. Crawley had not complied with the Inmate Grievance Procedure established in the DC-ADM 804 because he failed to attach the

---

[1] A day before his Complaint was filed, Mr. Crawley filed a Motion for Leave to Proceed in forma pauperis, (ECF No. 1), which the Court granted, (ECF No. 3).
[2] The C/O John Doe Hoffman Defendant originally named in Mr. Crawley's Complaint was later identified as Corrections Officer Zachary Hoffman. (ECF No. 14 at 1 n.1). His identified name will be used herein.

required documents to his appeal for final review. (ECF No. 15 at 6). By Officer Hoffman's telling, Mr. Crawley's failure to properly exhaust his administrative remedies rendered his claim procedurally defaulted and entitled Officer Hoffman to judgment as a matter of law. (*Id.* at 8).

On October 24, 2023, Mr. Crawley moved for an extension of time to file a response to Officer Hoffman's Motion for Summary Judgment. (ECF No. 18). Judge Pesto granted the Motion on October 26, 2023, and extended the deadline for Mr. Crawley's response to November 18, 2023. (ECF No. 19). However, the docket reveals Mr. Crawley never filed a response, by that deadline or otherwise.

On December 12, 2023, Judge Pesto issued a Report and Recommendation in which he recommended that Officer Hoffman's Motion for Summary Judgment be granted. (ECF No. 21). First, Judge Pesto found that the Motion should be granted due to Mr. Crawley's lack of opposition—namely, his failure to respond to Officer Hoffman's Motion for Summary Judgment. (*Id.* at 1). Second, Judge Pesto concluded that even if Mr. Crawley's lack of response was not dispositive, his failure to contradict Officer Hoffman's filings left no genuine issues of material fact to resolve. (*Id.* at 2).

Judge Pesto further explained that Mr. Crawley had 17 days by which to object to his Report and Recommendation. But as of the date of this Order, Mr. Crawley has not filed any objections.[3] (*Id.*)

"If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866

---

[3] While 28 U.S.C. § 636(b)(1) affords a party fourteen days to object to a Report and Recommendation, the Court generally affords non-registered ECF users, such as Mr. Crawley, an additional three days.

F.3d 93, 100 (3d Cir. 2017). But even absent objections to a report and recommendation, the Court must "afford some level of review to dispositive legal issues raised by the report." *Id.* (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Third Circuit has described this level of review as "reasoned consideration." *Id.* Thus, the Court reviews Judge Pesto's Report and Recommendation under this reasoned consideration standard.

After reviewing Judge Pesto's Report and Recommendation, and the legal conclusions contained therein, the Court will adopt Judge Pesto's recommendation that Officer Hoffman's Motion for Summary Judgment be granted. The Court finds that the two rationales Judge Pesto provided in his Report and Recommendation, taken together, show that Officer Hoffman is entitled to judgment as a matter of law.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). Rule 56 "'mandates the entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Deciding a summary judgment motion requires the Court to take the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in their favor. *Doe v. Cnty. of Centre, Pa.*, 242 F.3d 437, 446 (3d Cir. 2001).

The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).[4] When the movant does not bear the burden of proof on the claim, the movant's initial burden may be met by demonstrating the lack of record evidence to support the opponent's claim. *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1581–82 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, the Court holds that Judge Pesto's Report and Recommendation properly concludes that Officer Hoffman is entitled to summary judgment as a matter of law because Mr. Crawley failed to show a genuine dispute as to any material fact. Though "summary judgment may not be granted only on the basis that the motion is unopposed[,]" *Tsosie v. United States*, 3:CV-12-0893, 2015 WL 6501245, at *1 (M.D. Pa. Oct. 23, 2015), a non-responding party "waives the right to

---

[4] The Court is cognizant of the fact that Officer Hoffman's basis for moving for summary judgment—that Mr. Crawley failed to exhaust his administrative remedies—is "an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013). The Court clarifies that its conclusion in text is in no way based on Mr. Crawley's failure to show that he exhausted administrative remedies in his initial pleadings. Instead, the Court's conclusion rests on the fact that Officer Hoffman, through his summary judgment motion, has provided record evidence showing that Mr. Crawley procedurally defaulted and therefore did not exhaust his administrative remedies. And because Mr. Crawley has not attempted to contradict that record evidence, at the summary judgment stage, the Court is obligated to accept the material fact that Mr. Crawley failed to exhaust his administrative remedies as true, given the support in the record for that assertion.

respond or to contradict the facts asserted in the summary judgment motion[,]" *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003). Thus, even where, as here, a Motion is unopposed, the Court must still determine whether the moving party is entitled to summary judgment as a matter of law. *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

United States Code 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Third Circuit has held that § 1997e(a) "includes a procedural default component[,]" meaning a prisoner must "properly (i.e., on pain of procedural default) exhaust administrative remedies as a prerequisite to a suit in federal court." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004). And determining whether a prisoner has "'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances[.]" *Id.*

Here, the Court concurs with Judge Pesto's finding that, based on the factual record before the Court, Mr. Crawley's actions constitute a procedural default because he failed to follow the inmate grievance procedure set forth in the DC-ADM 804. (ECF No. 21 at 2–4). The DC-ADM 804 provides a three-step process for inmates to follow concerning the Department of Corrections' Inmate Grievance System: "(1) a grievance at the initial level; (2) an appeal to the facility manager; and (3) an appeal to the Secretary's Office of Inmate Grievance and Appeals for final review." *Cooper v. Garman*, No. 19-CV-02227, 2024 WL 100246, at *35 (M.D. Pa. Jan. 9, 2024).

Mr. Crawley filed his initial grievance against Officer Hoffman on June 15, 2021. (ECF No. 17-3 at 3). After his grievance was denied, Mr. Crawley appealed to the facility manager, who upheld the initial denial of his grievance. (*Id.* at 4–6). Mr. Crawley then filed an "Inmate Appeal to Final Review Grievance" on August 22, 2021. (*Id.* at 7). "Courts in the Third Circuit have held that the DC-ADM 804 creates a mandatory rule that inmates include specified documents with their appeals to final review and failure to comply constitutes a procedural default." *Brown v. Smith*, No. 18-CV-00193, 2021 WL 4429847, at *22 (citing *Mack v. Klopotoski*, 540 F. App'x 108, 113 (3d Cir. 2013)).

Here, the Secretary's Office of Inmate Grievances & Appeals twice notified Mr. Crawley that he failed to attach the documents required to address his final appeal. (*Id.* at 8–9). Because Mr. Crawley never provided those documents, his appeal was dismissed "due to a failure to comply with the provisions of the DC-ADM 804[.]" (*Id.* at 11).

Accordingly, Mr. Crawley's actions constitute a procedural default because he failed to comply with SCI Somerset's administrative regulations regarding inmate grievances. *Spruill v. Gillis*, 372 F.3d at 222; *see also Spearman v. Morris*, 643 F. App'x 82, 84–85 (finding that a prisoner "never perfected his appeal for final review according to applicable procedures," and therefore "failed to exhaust his administrative remedies[,]" where the inmate "did not attach the required documentation with his [final] appeal").

As the movant, Officer Hoffman has provided record evidence showing that Mr. Crawley procedurally defaulted by failing to attach the requisite documents to his final grievance appeal. (ECF Nos. 15–17). And because Mr. Crawley has not responded to Officer Hoffman's Motion for Summary Judgment, the Court "accept[s] as true all material facts set forth by [Officer Hoffman]

with appropriate record support." *Anchorage Assocs.*, 922 F.2d at 175. Therefore, upon review of the record, the Court concludes, as Judge Pesto did, that judgment should be rendered for Officer Hoffman.

Therefore, pursuant to the applicable "reasoned consideration" standard and Local Civil Rule 72.D.2, the Court adopts Judge Pesto's recommendation and enters the following Order:

**AND NOW**, this 13th day of August, 2024, it is **HEREBY ORDERED** that Defendant Zachary Hoffman's Motion for Summary Judgment, (ECF No. 14), is **GRANTED,** and Judge Pesto's Report and Recommendation, (ECF No. 21), is **ADOPTED** insofar as it recommends that disposition.

**IT IS FURTHER ORDERED** that the final judgment of this Court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure in Defendant Zachary Hoffman's favor, and the Clerk of Court is instructed to mark this case as closed.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

Notice by U.S. Mail to:
**Shaquille Adrian Crawley**
NT5942
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001